# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**SEDRIC Q. SUTTON (# T1004)**                                          **PLAINTIFF**

**v.**                              **No. 3:09CV36-M-A**

**CHRISTOPHER EPPS, ET AL.**                                      **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Sedric Sutton (# T1004), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Sutton claims that the various defendants denied him adequate medical care, denied him proper legal assistance, and denied him access to the courts. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Sedric Sutton was incarcerated at the Greenville City Jail in July 2006. While housed there, he complained of headaches, stomach pains, itching over his entire body, the feeling that something was crawling on his body and inside his ears, and foot fungus. Sutton saw Dr. Dial, who prescribed a panoply of medications to treat Sutton's symptoms, but the medications did not help with the symptoms. Sutton was transferred to the Washington County Jail in December 2006. He asked to see the doctor and submitted a list of his symptoms. Dr. Dial treated him again with medications to relieve the various symptoms. The medications made Sutton feel ill and did not alleviate his symptoms, particularly the feeling that things were crawling all over and

inside his body. Sutton requested a refill for eardrops for swimmer's ear to relieve the feeling of things crawling in his ears, but the medical staff member refused. Dr. Dial told Sutton that he would receive additional treatment at the Mississippi State Penitentiary. Sutton was transferred to the Central Mississippi Correctional Facility in May 2007, but, as his medical records did not arrive when he did, he received only ibuprofen for treatment.

He then transferred to the Marshall County Correctional Facility in June 2007. He filled out a sick call request form and saw Dr. Cooper, who referred Sutton for psychiatric care – and prescribed benadryl and an anti-fungal medication for the itching and foot fungus. After many more visits to the doctor, Sutton could only receive psychiatric medication – which he did not like to take because it left him extremely tired and drowsy. Sutton then sought assistance through the Administrative Remedy Program, exhausted his remedies, and filed the instant suit in federal court. Sutton sought legal assistance while at the Marshall County Correctional Facility. He received a legal self-help manual, spoke with an attorney, and requested and received about 800 pages of legal materials.

Sutton then moved to the Mississippi State Penitentiary, where he made similar complaints: stomach trouble, headaches, itching, pain and discomfort, and high blood pressure. He was treated with high blood pressure medication and ibuprofen upon entry into the Mississippi State Penitentiary, then with other medications. A cyst burst under Sutton's chin; it was treated with medication, but remained after the wound closed. He received psychiatric treatment and medication, which did little to relieve his symptoms, but left him tired and drowsy. Sutton's symptoms persist, despite repeated treatments with physical and psychiatric medications.

## Denial of Medical Treatment

While the court sympathizes with Mr. Sutton's predicament, his allegations regarding medical care simply do not state a claim under the law. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th

Cir. 1996). Finally, a prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Sutton has been treated extensively and repeatedly for his symptoms. He believes that the treatment is inadequate because it has not afforded him the relief he seeks. However, such disagreement with the course of treatment does not rise to the level of a constitutional claim, and Sutton's claims regarding denial of medical care shall be dismissed.

## Denial of Access

Sutton's claims of denial of access to the courts shall also be dismissed for failure to state a claim upon which relief could be granted. Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing

*Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

First, Sutton received far more legal assistance than most inmates who litigate in this court; assistance from an attorney and 800 pages of case and statutory law certainly shows that Sutton received sufficient legal assistance. In addition, Sutton has shown no detriment to his legal position at all. For these reasons, Sutton's claims of denial of access to the courts shall be denied.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of May, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**